IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MAZZAFERRO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM PARISI, KEN JOHNSON,<br>SPENCER CRUM, and LYNN SEARLE,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 16-05641 WHA<br><br>**ORDER SETTING ASIDE ENTRY OF DEFAULT AND DISMISSING COUNT ONE WITHOUT LEAVE TO AMEND** |

### INTRODUCTION

In this Section 1983 action, one defendant moves to set aside entry of default and two defendants move to dismiss. For the reasons below, both motions are **GRANTED**.

### STATEMENT

In May 2013, defendant Ken Johnson, a deputy sheriff in the Sonoma County Police Department, arrested pro se plaintiff Ronald Mazzaferro, who now alleges Johnson arrested him without probable cause (Compl. ¶ 12). Mazzaferro obtained release on bond a day after the arrest (Dkt. No. 29). Mazzaferro then sent documents about his arrest to defendant Spencer Crum, a sergeant in the Sonoma County Police Department. Shortly after, Mazzaferro also submitted papers to the City Council of Sonoma regarding his arrest and Crum's alleged unwillingness to report information given to him by Mazzaferro (Compl. ¶¶ 16–19).[1]

---

[1] Defendants' request for judicial notice of the Superior Court of Sonoma County's docket of *People v. Mazzaferro*, Case No. SCR-634025 is unopposed and **GRANTED**.

1    In January 2015, Johnson arrested Mazzaferro again. While being transported to jail, he
2 alleges Johnson "made it clear" to him that Johnson arrested him because he had submitted
3 complaints to the city council against Johnson and Crum (*id.* ¶ 20).

4    In October 2016, Mazzaferro filed this Section 1983 action against Johnson and Crum,
5 among others, for the violation of his Fourth Amendment rights. Mazafferro's complaint
6 alleges that (1) all of the defendants caused his false arrest and imprisonment in May 2013 and
7 (2) that all of the defendants caused his false arrest and imprisonment in January 2015 (Dkt.
8 No. 1).

9    In January 2017, Mazzaferro moved for entry of default against Crum for not timely
10 responding to his complaint, which the clerk then entered (Dkt. Nos. 23, 26).

11   Crum now moves to set aside the entry of default (Dkt. No. 34). Crum and Johnson also
12 move to dismiss Mazzaferro's first claim for the first alleged false arrest and imprisonment in
13 May 2013 (Dkt. No. 28). This order follows full briefing and oral argument.[2]

### ANALYSIS

**1. COUNTY COUNSEL CAN REPRESENT CRUM AND JOHNSON.**

Preliminarily, Mazzaferro contends that both the motion to set aside entry of default and the motion to dismiss should be denied because Sonoma County Counsel filed them on behalf of Crum and Johnson, even though Sonoma County is not a party to this action. This order disagrees. Sonoma County Counsel represent employees of Sonoma County in civil actions. Here, Johnson and Crum are both law enforcement officers of Sonoma County and therefore can be represented by Sonoma County Counsel in this action. Plaintiff is wrong on this contention.

**2. ENTRY OF DEFAULT SHOULD BE SET ASIDE.**

Crum moves to set aside the entry of default. In the affidavit appended to Mazzaferro's motion for entry of default, Mazzaferro stated that Crum was "personally served" with the summons and complaint in December 2016 (Dkt. No. 24). Crum responds that Mazzaferro

---

[2] In February 2017, an order informed Mazzaferro that he must show cause for failing to timely respond to defendants' motion to dismiss (Dkt. No. 37). He failed to do so, but this order need not address this neglect because in any event, this claim is dismissed.

2

1    never personally served him.  In December 2016, Crum avers, Mazzaferro attempted improper
2    service by delivering copies of the summons and complaint to the City of Sonoma Police
3    Department.  Crum stopped working there in November 2015, when his contract to provide law
4    enforcement services to the department on behalf of the Sonoma County Sheriff's Office ended.
5    (He still works for the sheriff.)  Crum argues that he has not stepped foot in the police building
6    since then.  In early January 2016,  Crum's counsel sent Mazzaferro a letter informing
7    Mazzaferro that he did not properly serve the complaint, but that Crum's counsel would accept
8    service on Crum's behalf as of the date of the letter.  The letter also stated that Crum's counsel
9    would file responsive pleadings by late January 2017.  Mazzaferro signed the return receipt for
10   the letter on the same day that it was sent.  Nevertheless, Mazzaferro moved to enter default
11   against Crum several days later.

12    Crum now argues that the entry of default should be set aside because Mazzaferro never
13   properly served Crum with a summons and complaint.  Rule 55(c) permits the court to set aside
14   an entry of default for good cause, such as when a court never acquired jurisdiction over a
15   defendant.  *See S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1165–66 (9th Cir.
16   2007); *S.E.C. v. Ross*, 504 F.3d 1130, 1139 (9th Cir. 2007).  Accordingly, an entry of default
17   may be set aside when the default was entered based on improper service.

18    Rule 4(e) authorizes service in one of two ways: (1) "pursuant to the law of the state in
19   which the district court is located" or (2) "by delivering a copy of the summons and complaint
20   to the individual personally or by leaving copies thereof at the individual's dwelling house."
21   California law allows service by "leaving a copy of the summons and complaint at the person's
22   dwelling house . . . and by thereafter mailing a copy of the summons and complaint by first-
23   class mail."  Cal. Civ. Proc. Code § 415.10(b).

24    Here, Mazzaferro never properly served Crum.  Mazzaferro simply filed a false affidavit
25   of service.  This false affidavit misled the clerk into believing that Crum had been "personally
26   served" with the summons and complaint.  In actuality, Mazzaferro delivered the summons and
27   complaint to Crum's former place of employment, a bogus stab at service.  Mazzaferro doesn't
28   deny knowing that Crum no longer worked at the City of Sonoma Police Department at the time

3

of the attempted service. To repeat, delivering a complaint to a former place of employment does not constitute proper service under the Federal Rules of Civil Procedure or the California Civil Procedure Code. Accordingly, the motion to set aside the entry of default is **GRANTED**.

### 3. MAZZAFERRO'S FIRST CLAIM IS TIME-BARRED.

Together, Crum and Johnson move to dismiss Mazzaferro's first claim under Section 1983 as time-barred. "Section 1983 does not contain its own limitations period, but the Supreme Court has held that the appropriate period is that of the forum state's statute of limitations for personal injury torts." *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (superseded by statute on other grounds)). Under the California Civil Procedure Code Section 335.1 for personal injury, the statute of limitations is two years. Time begins to accrue in a Section 1983 claim when the plaintiff has a complete and present claim, that is, "when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted). In a false imprisonment case, the statute of limitations begins to run when the alleged false imprisonment ends. *Id.* at 1093.

Here, the statute of limitations for Mazzaferro's first claim began to run in May 2013, when Mazzaferro was released from prison (Dkt. No. 29). The two-year limitations period ended in May 2015. Mazzaferro did not bring this claim against Crum and Johnson until October 2016. The statute of limitations therefore bars Mazzaferro's first claim (concerning the 2013 arrest).

Mazzaferro cites *Rossiter v. Benoit*, 88 Cal. App. 3d 706 (1979), to argue that Section 1983 has a three-year statute of limitations. *Rossiter* held that Section 338's three-year statute of limitations applied to actions pursuant to Section 1983. *Rossiter* has been overruled on this point by *Wilson*, 471 U.S. at 276.

Furthermore, contrary to Mazzaferro's contention, his amended complaint does not moot this motion to dismiss because the amended complaint was stricken as untimely and raised no new allegations against Crum and Johnson (Dkt. No. 47). Accordingly, the motion to dismiss claim one is **GRANTED**. This does not dismiss claim two, however.

4

## CONCLUSION

For the aforementioned reasons, both the motion to set aside entry of default and the motion to dismiss are **GRANTED**.  Given that Mazzaferro was aware of the facts of the alleged false arrest because he was personally involved, tolling of the statute of limitations would not be possible here, so leave to amend will not be given.  Since the complaint has other claims, Crum shall answer by **THURSDAY, APRIL 6 AT NOON**.

Upon review, it appears Mazzaferro was correct that his first amended complaint was timely; however, the first amended complaint included no new allegations that bore on the issues presented in Crum and Johnson's motion.  Accordingly, this order gives Mazzaferro leave to file a second amended complaint.  Mazzaferro may *not*, however, amend his first claim dismissed herein, but he may include the new allegations raised in his first amended complaint.  Mazzaferro's second amended complaint is due by **THURSDAY, MARCH 23 AT NOON**.

**IT IS SO ORDERED.**

Dated: March 9, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5