IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD MAZZAFERRO,

    Plaintiff,

  v.

WILLIAM PARISI, KEN JOHNSON, SPENCER CRUM, BRUCE GOLDSTEIN, JOSHUA MYERS, and LYNN SEARLE,

    Defendants.

No. C 16-05641 WHA

**ORDER GRANTING ONE DEFENDANT'S MOTION TO DISMISS AND TWO DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT**

## INTRODUCTION

In this Section 1983 action, one defendant moves to dismiss and two defendants move for a more definite statement. For the reasons below, both motions are **GRANTED**.

## STATEMENT

Pro se plaintiff Ronald Mazzaferro alleges that defendant Lynn Searle, a private attorney who represented defendant William Parisi in a state court action, cultivated a criminal enterprise with several others, all defendants herein to help Parisi embezzle millions of dollars from a trust allegedly established for Mazzaferro (Second Amd. Compl. ¶¶ 6, 25).

Specifically, Mazzaferro alleges that in February 2013 Parisi and Attorney Searle deliberately supplied fraudulent information about Mazzaferro to defendant Ken Johnson, a deputy sheriff of the Sonoma County Police Department, in order to "leverage their position against Mazzaferro" in another action in state court. Mazzaferro then served Deputy Sheriff

Johnson with a "Criminal Cross Complaint" that alleged Deputy Sheriff Johnson arrested him based on false information provided by Attorney Searle (*id.* ¶¶ 13–14).

In May 2013, Deputy Sheriff Johnson arrested Mazzaferro — allegedly in reliance on the false information provided by Attorney Searle and Parisi, which Deputy Sheriff Johnson allegedly knew to be false — for filing forged documents and committing perjury, elder abuse, and burglary. Five months later, the Sonoma County District Attorney dismissed all charges against Mazzaferro (*id.* ¶¶ 15–18).

Mazzaferro then sent a document titled, "Private Party Directive to Arrest Corrupt Attorney Lynn Searle and Her Elder Abuser Client William Parisi," which detailed his alleged false arrest and imprisonment, to defendant Spencer Crum, a sergeant of the Sonoma County Police Department. Upon receiving the documents, Sergeant Crum invited Mazzaferro to meet with him to discuss the documents Mazzaferro sent. At the meeting, Sergeant Crum allegedly told another officer "not to report any information from Mazzaferro" and then ordered Mazzaferro to leave the police department "under threat of arrest." Shortly after, Mazzaferro delivered "a document" to the City Council of Sonoma regarding his false arrest and Sergeant Crum's unwillingness to report information given to him by Mazzaferro (*id.* ¶¶ 19–22).

In January 2015, Deputy Sheriff Johnson arrested Mazzaferro again based on additional allegedly false information provided by Attorney Searle. Mazzaferro also alleges that while being transported to jail, Deputy Sheriff Johnson "made it clear" to him that Deputy Sheriff Johnson arrested him because he submitted complaints to the city council about Deputy Sheriff Johnson and Sergeant Crum (*id.* ¶¶ 23, 30).

In October 2016, Mazzaferro filed this action under Section 1983 for the violation of his Fourth Amendment rights against Attorney Searle, Deputy Sheriff Johnson, and Sergeant Crum, among others. Mazzaferro's initial complaint alleged that all of the defendants violated his Fourth Amendment rights under Section 1983 by causing his false arrest and imprisonment in (1) May 2013 and (2) January 2015 (Compl. ¶¶ 24, 26).

In January 2017, Mazzaferro moved for entry of default against Sergeant Crum for not timely responding to his complaint, which the clerk then entered (Dkt. Nos. 23, 26). An order

2

in March 2017 set aside this entry of default because the affidavit of service filed by Mazzaferro was false and Sergeant Crum was never properly served (Dkt. No. 58 at 2–4). The same order also dismissed Mazzaferro's first claim of his original complaint as time-barred (*id.* at 4).

In February 2017, Mazzaferro filed an amended complaint to bring claims against the county counsels representing Deputy Sheriff Johnson and Sergeant Crum for abuse of court process, which was stricken for being untimely (First Amd. Compl. ¶ 33; Dkt. No. 47). An order later determined that the amended complaint had in fact been timely and thus gave Mazzaferro leave to amend his complaint to add allegations not already dismissed (Dkt. No. 58 at 5).

In March 2017, Mazzaferro filed a second amended complaint against Attorney Searle, Sergeant Crum, and Deputy Sheriff Johnson, among others, alleging they all violated his Fourth Amendment rights under Section 1983 for causing his arrest in January 2015 (Second Amd. Compl. ¶¶ 14–16). Attorney Searle now moves to dismiss all claims against her. Sergeant Crum and Spencer now move for a more definite statement. This order follows full briefing and oral argument on both motions.

**ANALYSIS**

**1. ATTORNEY SEARLE'S MOTION TO DISMISS.**

Mazzaferro claims Attorney Searle is liable under Section 1983 for conspiracy to violate his Fourth Amendment rights. This conspiracy charge is based on the allegation that Attorney Searle knowingly provided false information to Sergeant Crum and Deputy Sheriff Johnson, which lead to Mazzaferro's false arrest in January 2015.

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the constitution of the United States was violated, and (2) the deprivation was committed by a person acting under color of state law. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor" under color of state law within the meaning of Section 1983. *Georgia v. McCollum*, 505 U.S. 42, 64 (1991) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). A lawyer does not act on behalf of the state or in concert with it, but

rather advances "the undivided interest of his client," which is essentially a private function. *Polk Cty.*, 454 U.S. at 318–19.

A private individual, however, may be liable under Section 1983 if she conspired or entered joint action with state actors such as Sergeant Crum and Deputy Sheriff Johnson. *See Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). Such a conspiracy requires the existence of an agreement or a meeting of minds among the private individual and state agents to violate the plaintiff's constitutional rights. *Ibid.* Conclusory allegations of conspiracy between a private attorney and a state officer are insufficient. *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).

The mere allegation that a private individual provided information to a state actor is not enough to create a plausible inference that a private individual and state actor conspired with one another. *See Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1087 (C.D. Cal. 2009) (Judge James Selna). *Lauter* held that the plaintiff's allegation that the defendant had filed a false police report, which subsequently lead to criminal charges being filed against him, were insufficient to create the plausible inference that the police officers conspired with the defendant. *Ibid.* So too here.

Mazzaferro alleges that Attorney Searle acted under color of law by "provid[ing] false information influencing [Deputy Sheriff Johnson] to . . . falsely arrest Mazzaferro," which Deputy Sheriff Johnson knew was false (Second Amd. Compl. ¶¶ 23, 30). These allegations do not create a plausible inference that Searle had an "agreement or meeting of the minds" with Deputy Sheriff Johnson to arrest Mazzaferro. Accordingly, Mazzaferro has not sufficiently alleged facts to plausibly infer that Attorney Searle acted under color of law by conspiring with a state actor to falsely arrest Mazzaferro.

Mazzaferro also contends that the mere fact that the criminal charges brought against him in state court were dropped indicates that Attorney Searle acted under color of law. In support of this argument, Mazzaferro cites *Bottone v. Lindsley*, 170 F.2d 705 (10th Cir. 1984). In *Bottone*, the plaintiff claimed two private attorneys and a judge conspired to deprive the plaintiff of property through state court proceedings without due process. *Id.* at 106.

4

*Bottone* assumed solely for the sake of argument that the plaintiff's allegation that the judge and attorneys had acted under color of law was true, but determined that the plaintiff did not have a claim for a civil rights violation against the defendants. *Ibid.* The decision held that the plaintiff's ability to try his action in state court and appeal the decision of the state court to the Supreme Court of Colorado illustrated that the defendants did not deprive him of his due process rights. *Ibid.*

To the extent that *Bottone*, a decision from another circuit, applies, it does not support Mazzaferro's argument — *Bottone* did not hold that the defendants would have been found to have acted under color of law had the plaintiff's civil rights been violated. It merely assumed that premise for the sake of argument. Mazzaferro has therefore not plausibly alleged that Searle somehow acted under color of law and could now be liable to Mazzaferro under Section 1983.

Mazzaferro also argues that under the doctrine of respondeat superior, Attorney Searle is vicariously liable for the actions committed by Parisi, who allegedly violated Mazzaferro's Fourth Amendment rights under Section 1983. The decisions cited, however, merely lay out the elements of a respondeat superior relationship (Dkt. No. 77 at 3–4 (citing *Mary M. v. City of L.A.*, 54 Cal. 3d 202, 208–10 (1991); *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 296–97 (1995); *Perez v. Van Groningen & Sons*, 41 Cal. 3d 962, 967 (1986); *Farmers Ins. Grp. v. Cty. of Santa Clara*, 11 Cal. 4th 992, 1004 (1995); *John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 447 (1989))). The decisions do not support how the respondeat superior doctrine would make Attorney Searle vicariously liable under Section 1983 because of Parisi's actions, given that there can be no respondeat superior liability under Section 1983. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)(citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983)). Liability under Section 1983 arises only upon a showing of personal participation of a defendant. *Ibid.* Consequently, Mazzaferro has not plausibly alleged that Searle is liable to Mazzaferro under Section 1983. The motion to dismiss this claim is **GRANTED**.

5

### 2. **MORE DEFINITE STATEMENT.**

Sergeant Crum and Deputy Sheriff Johnson move for a more definite statement pursuant to FRCP 12(e) on the grounds that Mazzaferro's complaint is so ambiguous that they cannot ascertain the nature of the claims being asserted against them. Under FRCP 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." This rule must be read in light of FRCP 8(a)(2) which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Simply put, "[a]ll that is required [by FRCP 8(a)] is that the complaint gives the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Under FRCP 10(b) a plaintiff must also state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Mazzaferro's second amended complaint does not conform to FRCP 10(b) — Mazzaferro has failed to plead each claim separately. Instead, Mazzaferro has clumped all of his allegations, comprised of numbered page-long paragraphs, into one claim for a violation of his Fourth Amendment rights under Section 1983.

Throughout the complaint, however, Mazzaferro also alleges that Sergeant Crum, Deputy Sheriff Johnson, and other defendants conspired with one another to commit First Amendment violations against him. In one instance, Mazzaferro alleges that Sergeant Crum and Deputy Sheriff Johnson "maliciously, overtly, [and,] deliberately intended to strike fear into [Mazzaferro] thereby chilling [his] United States Constitution First Amendment [r]ight to petition government agencies for redress of grievances" (Second Amd. Compl. ¶ 5). Mazzaferro fails to indicate if this allegation is part of his Section 1983 claim for the violation of his Fourth Amendment rights or if not, what statute he seeks to bring this First Amendment violation claim under. It is therefore unclear what claims Mazzaferro intends to bring against Deputy Sheriff Johnson and Sergeant Crum. As such, the amended complaint is so vague and ambiguous that Sergeant Crum and Deputy Sheriff Johnson cannot reasonably prepare a response.

Mazzaferro contends that the instant motion is "premature" because Sergeant Crum and Deputy Sheriff Johnson could obtain additional details about the claim being asserted through discovery (Dkt. No. 69 at 3). Not so. The complaint is so unintelligible that our defendants cannot understand what claims are being brought against them, not that the complaint lacks detail. Before discovery commences, Mazzaferro must clearly indicate what claims are being brought against Sergeant Crum and Deputy Sheriff Johnson — only then could Sergeant Crum and Deputy Sheriff Johnson conduct meaningful discovery. Accordingly, the motion for a more definite statement is **GRANTED**.

## CONCLUSION

Both the motion to dismiss and the motion for a more definite statement are **GRANTED**. Leave to amend may not be sought with respect to claims against Searle because further amendment would be futile.

Mazzaferro may have until **THURSDAY, MAY 25 AT NOON** to provide a more definite statement with respect to the claims against Deputy Sheriff Johnson and Sergeant Crum. More specifically, Mazzaferro shall present each claim separately and in a manner clear enough that Sergeant Crum and Deputy Sheriff Johnson can understand exactly what claims are being brought against them. To make a clear record, Mazzaferro shall provide the more definite statement in the form of an amended complaint. The sole purpose of the amended complaint, however, is to provide a more definite statement on the claims against Deputy Sheriff Johnson and Sergeant Crum, not to include new factual allegations nor new causes of action.

The proposed amended complaint must be appended to a separate redlined copy identifying all changes. Mazzaferro shall also remove all allegations not pertaining to the surviving claims.

**IT IS SO ORDERED.**

Dated: May 11, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE