IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD MAZZAFERRO,

    Plaintiff,

v.

WILLIAM PARISI, KEN JOHNSON, SPENCER CRUM, BRUCE GOLDSTEIN, JOSHUA MYERS, and LYNN SEARLE,

    Defendants.

No. C 16-05641 WHA

**ORDER DENYING MOTION TO DISMISS, GRANTING MOTION FOR A MORE DEFINITE STATEMENT, AND VACATING HEARING**

## INTRODUCTION

In this Section 1983 action, defendants move to dismiss pursuant to FRCP 41(b), or in the alternative for a more definite statement. For the reasons below, the motion to dismiss is **DENIED**. The motion for a more definite statement is **GRANTED**.

## STATEMENT

The history of this case is recited at length in previous orders (*see* Dkt. No. 80), therefore this order repeats only certain necessary details. In October 2016, Plaintiff Ronald Mazzaferro filed this action under Section 1983 for violation of his Fourth Amendment rights. Certain claims and parties have since been dismissed.

In April 2017, two of the remaining parties, Deputy Ken Johnson and Sergeant Spencer Crum, moved for a more definite statement. A May 11 order granted their motion. That order provided that Mazzaferro shall:

> provide a more definite statement with respect to the claims against Deputy Sheriff Johnson and Sergeant

> Crum. More specifically, Mazzaferro shall present each claim separately and in a manner clear enough that Sergeant Crum and Deputy Sheriff Johnson can understand exactly what claims are being brought against them. To make a clear record, Mazzaferro shall provide the more definite statement in the form of an amended complaint.

It further explained that "[t]he proposed amended complaint must be appended to a separate redlined copy identifying all changes" (Dkt. No. 80).

In response to this order, Mazzaferro filed a document entitled "Plaintiff Ronald Mazzaferro's Court Ordered Amended Complaint in the Form of a More Definite Statement as to Defendant Ken Johnson and Defendant Spencer Crum" to which he appended his second amended complaint (Dkt. No. 84). The first document (hereinafter "third amended complaint") contains factual allegations and legal claims directed at Deputy Johnson and Sergeant Crum. The factual allegations are carried over verbatim from the earlier second amended complaint. The two legal claims, however, are refashioned and presented in a more easily understood form. Both allege that Deputy Johnson and Sergeant Crum violated Section 1983. The first claim is predicated on violations of Mazzaferro's Fourth Amendment rights, while the second is predicated on violations of Mazzaferro's First Amendment rights (*id.* ¶¶ 15–22).

Notably, the third amended complaint omits claims against all defendants other than Deputy Johnson and Sergeant Crum. It also omits a statement of jurisdiction and venue.

**ANALYSIS**

Deputy Johnson and Sergeant Crum now move to dismiss under FRCP 41(b). In the alternative, they move for a more definite statement. They allege that the third amended complaint fails to comply with the May 11 order, and is so vague and ambiguous that they do not know how to respond to it. In support of these arguments, they contend that they do not know whether the third amended complaint, or the attached second amended complaint controls. When read together, they argue, the documents are confusing.

**1.    FRCP 41(b).**

FRCP 41(b) provides that a defendant may move to dismiss an action against it "if the plaintiff fails . . . to comply . . . with a court order." FRCP 41(b) dismissal, however, "is so

2

harsh a remedy that it should be imposed as a sanction only in extreme circumstances." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996) (citations and quotations omitted).

The threshold question in the FRCP 41(b) analysis is whether Mazzaferro failed to comply with an order. Unfortunately, this question does not have a clear answer. On the one hand, Mazzaferro supplied a complaint that provides clarity as to his allegations against Deputy Johnson and Sergeant Crum. It states each claim separately, and provides relatively short, straightforward theories of liability.

As Deputy Johnson and Sergeant Crum point out, however, the third amended complaint does not include claims against any of the other defendants named in the caption, nor does it contain the required jurisdictional statement. It appears that Mazzaferro may have misinterpreted the May 11 order to mean that he should author a separate document stating *only* his claims against Deputy Johnson and Sergeant Crum, and omitting all other claims.

That is not what the May 11 order directed him to do. Rather, Mazzaferro was to present all of his remaining claims against all remaining defendants in the form of an amended complaint. His failure to do so, however, is not grounds for dismissal under FRCP 41(b). To the extent Mazzaferro's third amended complaint failed to comply with the May 11 order, the failure was not so egregious as to warrant dismissal. Accordingly, defendants' motion to dismiss is **DENIED**.

### 2. FRCP 12(e).

FRCP 12(e) provides that a party may move for a more definite statement when a pleading "is so vague and ambiguous that the party cannot reasonably prepare a response." Such motions are appropriate where "ambiguity arises in determining the nature of the claim or the parties against whom it is being made." FRCP 12(e) is designed to correct unintelligibility. *Optovue Corp. v. Carl Zeiss Meditec, Inc*., No. C 07-3010 CW, 2007 WL 2406885, at *3 (N.D. Cal. Aug. 20, 2007) (Chief Judge Claudia Wilken).

Despite having seemingly clarified his allegations against Deputy Johnson and Sergeant Crum, Mazzaferro's third amended complaint remains ambiguous. It is not clear whether Mazzaferro has dropped claims against all other defendants, or whether he intends to

3

incorporate those claims into his third amended complaint via the attached second amended complaint. Moreover, the third amended complaint is defective if not read in conjunction with the second amended complaint because it fails to provide a jurisdictional statement as required under FRCP 8(a)(1). Defendants' confusion as to how to interpret these two documents is well-founded. Therefore, defendants' motion for a more definite statement is **GRANTED**.

## CONCLUSION

The motion to dismiss pursuant to FRCP 41(b) is **DENIED**. The motion for a more definite statement is **GRANTED**. The hearing scheduled for July 13 is hereby **VACATED**.

Mazzaferro **SHALL AMEND HIS COMPLAINT** one last time. His fourth amended complaint should state all claims he intends to pursue against all defendants who have not been dismissed from this action. Mazzaferro may not add any additional claims for relief not already included in his second or third amended complaints. Mazzaferro must file the fourth amended complaint by **JULY 20 AT NOON**. **NO ADDITIONAL AMENDMENTS WILL BE GRANTED**.

**IT IS SO ORDERED.**

Dated: July 7, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4