IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD MAZZAFERRO,

    Plaintiff,

  v.

WILLIAM PARISI, KEN JOHNSON, SPENCER CRUM, BRUCE GOLDSTEIN, JOSHUA MYERS, and LYNN SEARLE,

    Defendants.

No. C 16-05641 WHA

**ORDER DENYING MOTION FOR SANCTIONS AND MOTION FOR RELIEF FROM JUDGMENT AND VACATING HEARING**

**INTRODUCTION**

*Pro se* plaintiff moves for sanctions and for relief from judgment. For the reasons below, the motions are **DENIED**.

**STATEMENT**

In October 2016, pro se plaintiff Ronald Mazzaferro filed an action under Section 1983 for violation of his Fourth Amendment rights (Dkt. 1). Certain claims and parties have since been dismissed. Most recently, Attorney Lynn Searle was dismissed from the complaint, and, pursuant to her motion under FRCP 54(b), judgment was entered in her favor (Dkt. Nos. 80, 102–103). In her FRCP 54(b) motion, Attorney Searle stated that Mazzaferro had filed 12 lawsuits against her, and Mazzaferro and his associates had filed 61 lawsuits in total since 2009 against either Attorney Searle, her clients, or their counsel, none of which he has prevailed on (Dkt. No. 90 at 9 n.5).

In response to Attorney Searle's FRCP 54(b) motion, Mazzaferro filed a motion for sanctions (Dkt. Nos. 93, 94). In it, Mazzaferro contends that Attorney Searle, and her attorney in this action, Alex Graft, lied to the Court regarding Mazzaferro's classification as a vexatious

1  litigant, and past record of lawsuits against Attorney Searle and others.  He subsequently filed a
2  motion for correction of judgment pursuant to FRCP 60(b)(3) on the grounds that the judgment
3  against him was based upon lies contained in Attorney Searle's motion for judgment pursuant to
4  FRCP 54(b) (Dkt. Nos. 106–107).

This order finds that Attorneys Searle and Graft have not made any misrepresentations regarding Mazzaferro.  Accordingly, Mazzaferro's motions for sanctions and to correct judgment are both **DENIED**.

## ANALYSIS

### 1.  NO SANCTIONABLE CONDUCT UNDER FRCP 11.

FRCP 11 provides that a court may enter sanctions against a party who presents factual contentions to the court without evidentiary support.  Mazzaferro seeks sanctions on the grounds that Attorney Searle's motion for FRCP 54(b) judgment stated that he had been designated a vexatious litigant, and presented a list of actions Mazzaferro has pursued, which he claims contains certain inaccuracies as detailed in his declaration in support of his motion for sanctions (Dkt. No. 95 at 2–16).[1]  Neither of these contentions are accurate.

*First*, Mazzaferro has been designated a vexatious litigant by the California Judicial Council as reflected in Attorney Searle's motion for final judgment and the August 1, 2017 Vexatious Litigant List maintained by the California Judicial Council, which can be located at http://www.courts.ca.gov/documents/vexlit.pdf.

*Second*, the list of lawsuits provided by Attorney Searle in her motion for final judgment does not contain any inaccuracies.  Nor does Mazzaferro's contention that he prevailed in one of his lawsuits, contrary to Attorney Searle's assertion, hold any weight.  He claims to have prevailed in one suit because he entered into a settlement agreement.  The settlement, however, provided that Mazzaferro pay 2.327 million dollars — the amount he allegedly wrongfully took — in exchange for a release of claims against him (Dkt. No. 94-4 at 11–12).  This is not prevailing.  Attorney Searle's statement that he did not prevail in any of his lawsuits is not

---

[1] Mazzaferro purports to bring this action under Civil Local Rule 11-4, but it appears that this is an error.  This order treats his motion as one brought pursuant to FRCP 11.

2

disproved or rendered fraudulent by this settlement, and Mazzaferro offers no other evidence indicating that he prevailed in any of his lawsuits.

### 2. NO FRAUD PURSUANT TO FRCP 60(b)(3).

FRCP 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment" on the basis of "fraud . . . misrepresentation, or misconduct by an opposing party."

Since Mazzaferro's motion for relief from judgment is based upon the same alleged misrepresentations as his motion for sanctions, the reasoning above applies here. Neither Attorney Searle, nor Attorney Graft have made a misrepresentation or committed fraud. Therefore, Mazzaferro's motion for relief from judgment is **DENIED**.

## CONCLUSION

For the foregoing reasons, Mazzaferro's motion for sanctions and motion for relief from judgment are **DENIED**. The August 17 hearing on the motion for sanctions and the September 21 hearing on the motion for correction of judgment are **HEREBY VACATED**.

**IT IS SO ORDERED.**

Dated: August 11, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE