IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD MAZZAFERRO,

    Plaintiff,

  v.

WILLIAM PARISI, KEN JOHNSON, SPENCER CRUM, BRUCE GOLDSTEIN, JOSHUA MYERS, and LYNN SEARLE,

    Defendants.

No. C 16-05641 WHA

**ORDER GRANTING MOTION TO DISMISS, AND ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE**

## INTRODUCTION

Defendants move to dismiss claims against them for abuse of process. For the reasons below, the motion to dismiss is **GRANTED**. Plaintiff is further ordered to show cause why sanctions should not issue.

## STATEMENT

The history of this case is recited at length in a previous order (*see* Dkt. No. 80). In brief, Plaintiff Ronald Mazzaferro filed this action under Section 1983 for violation of his Fourth Amendment rights. Among the defendants, Mazzaferro named Ken Johnson and Spencer Crum, deputies in the Sonoma County Sheriff's Office. Deputies Johnson and Crum were represented by Attorneys Bruce Goldstein and Joshua Myers, who both work for the Sonoma County Counsel Office, which provides representation to the County and its officers and employees (Dkt. No. 109 at 5; Cal. Gov. Code §§ 27640–27648).

In February 2017, Mazzaferro amended his complaint and named Attorneys Goldstein and Myers as defendants, alleging that they "abuse[d] court process" by representing Deputies Johnson and Crum in this action. According to the amended complaint, defendants had no

"Sovereign County of Sonoma statutory authority or Sovereign State of California statutory authority to appear" (Dkt. No. 38 ¶ 33).

A March 2017 order dismissing an unrelated count explained that Sonoma County Counsel, of course, could and should represent Deputies Johnson and Crum, and informed Mazzaferro that his contention to the contrary was incorrect (Dkt. No. 58 at 2). Thereafter, Mazzaferro filed a second amended complaint, which, despite the Court's admonition, named Attorneys Goldstein and Myers as defendants, again, based upon their representation of the defendant deputies (Dkt. No. 62).

Shortly after Mazzaferro filed the second amended complaint, Attorney Myers wrote a letter to Mazzaferro asking that, pursuant to the Court's admonitions, he withdraw his claims against the attorney defendants. The letter further informed Mazzaferro of the California Government Code sections that conferred upon the attorney defendants the right to represent county employees (Dkt. No. 110 at 7).

Thereafter, several other defendants were dismissed from the action (*see* Dkt. Nos. 58, 72, 80). Mazzaferro was permitted to amend his complaint on two more occasions, both times continuing to name Attorneys Goldstein and Myers as defendants.

In his fourth amended complaint, the document challenged in this motion, Mazzaferro charges that Attorneys Goldstein and Myers "did not pursue Federal Rule of Civil Procedure 24 intervenor to appear in this action" and therefore "had no standing to appear in this action on behalf of any defendants" (Dkt. No. 99 ¶¶ 5–6). This contention, of course, disregards the prior order stating that counsel *did* have authority to represent the deputy defendants. Intervention, moreover, has nothing to do with the case, for attorneys Goldstein and Myers had every right to represent their clients without any necessity to intervene.

Attorneys Goldstein and Myers move to dismiss charges against them for failure to state a claim, and because, pursuant to California law, they are immune from prosecution for actions taken within the discretion of their employment as county attorneys (Dkt. No. 109). For the reasons herein, the motion is **GRANTED**.

**ANALYSIS**

**1. FRCP 12(b)(6).**

Mazzaferro sues attorneys Goldstein and Myers merely for representing deputy defendants in this action. He claims that their representation amounts to "abuse of process" allegedly based upon a lack of "Sovereign County of Sonoma statutory authority or Sovereign State of California statutory authority to appear" and failure to comply with FRCP 24.

"To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Johnson v. Lucent Techs. Inc*. 653 F. 3d 1000, 1011 (9th Cir. 2011) (citations and quotations omitted). Mazzaferro has not and cannot establish either of these elements. Attorneys do not need to comply with FRCP 24 to undertake a representation. Mazzaferro knows this good and well. Nor has Mazzaferro shown that either of the defendant attorneys otherwise lack authority to appear. The attorney defendants here have, at all times, acted properly within their roles as representatives of their clients and pursuant to their mandate to represent county employees under California Government Code Section 26529.

Moreover, pursuant to California Government Code Section 820.2, Attorneys Goldstein and Myers are immune from prosecution of any state law claims as they were acting within the discretion afforded them in their roles as public employees. *See* Cal. Gov. Code § 26529 ("[T]he county counsel shall defend . . . any action or proceeding brought against an officer, employee or servant of the county."). Mazzaferro has made no showing that they acted in any way outside of the power granted them as county attorneys.

Mazzaferro's opposition is incoherent and makes no viable legal arguments. He contends, for the first time, that Attorneys Goldstein and Myers were required to pay a bond pursuant to California Government Code Section 1501. That section, however, applies to county elections and has no bearing on the duties of County Counsel. It is irrelevant and does not save Mazzaferro's otherwise deficient claims. Accordingly, Mazzaferro's claims against Attorneys Goldstein and Myers are **DISMISSED**.

3

**2. SANCTIONS.**

Attorneys Goldstein and Myers urge the Court to formally order Mazzaferro not to add any attorneys as parties to this action and to order sanctions against Mazzaferro. He is hereby ordered. Mazzaferro **SHALL NOT** add any attorneys as parties to this action.

To the extent that Attorneys Goldstein and Myers seek sanctions, however, they have not properly moved for them. FRCP 11 requires a motion for sanctions to "be made separately from any other motion and . . . [to] describe the specific conduct that allegedly violates Rule 11(b)."

Nevertheless, courts are empowered to order sanctions on their own initiative, and this is an instance in which sanctions are appropriate. As explained above, Mazzaferro has long been on notice that his claims against Attorneys Goldstein and Myers are frivolous and themselves abusive, but continues his wrongdoing in bad faith.

To recap, a March 2017 order explained that Sonoma County Counsel were authorized to represent Deputies Johnson and Crum in this action, and that Mazzaferro's assertions to the contrary were wrong (Dkt. No. 58 at 2). Following that order, Attorney Myers wrote Mazzaferro a letter pointing him to the particular California Government Code Sections that authorize County Counsel to represent officers and employees of the county and asking that, pursuant to the Court's admonitions, he withdraw his claims against the attorney defendants (Dkt. No. 110 at 7). Despite these warnings, Mazzaferro continued to name Attorneys Goldstein and Myers in his suit (*see* Dkt. Nos. 62, 84, 99).

Mazzaferro's insistence on repeatedly pursuing these frivolous and abusive claims has resulted in unnecessary labor for the attorneys and the Court. Attorneys Goldstein and Myers have had to brief this issue, and seek representation to defend them in this action. Moreover, they have now had a lawsuit, however frivolous, hanging over their heads for nearly six months, and no doubt had to notify their carriers. All of this could have been avoided had Mazzaferro taken appropriate action and dismissed his claims against Goldstein and Myers. He never had a reasonable basis for bringing these claims, and any insistence on maintaining them was rendered unreasonable by warnings not to do so.

4

These claims fall squarely within the conduct prohibited by FRCP 11(b). They are not warranted by existing law, or any nonfrivolous argument for modifying existing law, and, given the history of these claims, the only logical conclusion is that they were presented for the improper purpose of harassing Attorneys Goldstein and Myers. At long last, we have had enough and we have reached the point wherein dismissal of the entire action ought to be considered. It has become evident that Mazzaferro will not obey court orders and will, no matter what, pursue frivolous and abusive arguments and lawsuits.

Accordingly, Mazzaferro **SHALL SHOW CAUSE** by sworn declaration why this action should not be dismissed in its entirety (or other sanction should not be granted). The declaration is due by **OCTOBER 3**. A hearing on the matter is hereby set for **OCTOBER 10**.

**IT IS SO ORDERED.**

Dated: September 22, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE