IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD MAZZAFERRO,

    Plaintiff,

  v.

WILLIAM PARISI, KEN JOHNSON,
SPENCER CRUM, BRUCE GOLDSTEIN,
JOSHUA MYERS, and LYNN SEARLE,

    Defendants.

No. C 16-05641 WHA

**ORDER HOLDING IN ABEYANCE ORDER TO SHOW CAUSE AND REQUIRING PAYMENT OF ATTORNEYS' FEES**

On September 22, pro se plaintiff Ronald Mazzaferro was ordered to show cause why this action should not be dismissed as a sanction for his frivolous and bad faith litigation tactics (Dkt. No. 119).

Mazzaferro initiated this action in October 2016, alleging Section 1983 claims against various parties including Sonoma County Deputy Sheriffs, Sonoma County Counsel attorneys, a private attorney, and the State Bar of California. His suit has proved meritless and resulted in dismissal after dismissal of named defendants (Dkt. Nos. 27, 80, 119). Nevertheless, Mazzaferro has generated voluminous litigation of collateral issues due to his bad faith and abusive litigation tactics. For example, Mazzaferro moved for default against one of the Sonoma County Deputy defendants. As it turned out, however, he had never served the defendant and simply filed a false affidavit of service, misleading the clerk (Dkt. No. 58 at 3). Accordingly, after motion practice to resolve the issue, an order set aside default (*ibid.*).

In another instance, following an order dismissing a private attorney defendant, she moved for judgment under FRCP 54(b), noting in her motion that a final entry of judgment was particularly appropriate because Mazzaferro had named her in many other suits and the entry of

1 judgment could give preclusive effect to duplicative claims (Dkt. No. 90 at 9). In addition to
2 opposing her motion for entry of judgment, Mazzaferro promptly filed a frivolous motion
3 seeking sanctions against the defendant, in part for her having correctly identified him as a
4 designated vexatious litigant in the California courts (Dkt. Nos. 94, 95). Thereafter, judgment
5 was entered in the defendant's favor against Mazzaferro and he filed another motion, lacking
6 any basis in the law, to set aside the judgment (*see* Dkt. Nos. 102, 106).

7 In the most recent incident giving rise to this order to show cause, attorneys from the
8 Sonoma County Counsel Office moved to dismiss claims Mazzaferro brought against them,
9 apparently for representing their clients, Sonoma County Deputy Sheriffs. Prior to the County
10 Counsel's motion to dismiss, Mazzaferro had already been admonished that his suit against
11 these attorneys was inappropriate. A February 2017 order informed Mazzaferro that Sonoma
12 County Counsel are entitled to represent Sonoma County law enforcement officers, and that
13 Mazzaferro's contention to the contrary was "wrong" (Dkt. No. 58 at 3). Following that order,
14 one of the Sonoma County Counsel defendants wrote Mazzaferro a letter pointing him to the
15 California Government Code Sections that authorize County Counsel to represent officers and
16 employees of the county and asking that, pursuant to the Court's admonitions, he withdraw his
17 claims against the attorney defendants (Dkt. No. 110 at 7). Mazzaferro ignored these warnings
18 and continued to name Sonoma County Counsel in his suit with no legitimate legal basis for
19 doing so (*see* Dkt. Nos. 62, 84, 99).

20 Sonoma County Counsel, Attorneys Bruce Goldstein and Joshua Myers, moved for
21 dismissal, which dismissal was granted on September 22 (Dkt. No. 119). In the order
22 dismissing Attorneys Goldstein and Myers, Mazzaferro was ordered to show cause why his
23 action should not be dismissed in its entirety as a result of his bad faith litigation tactics (*id.* at
24 4–5). Mazzaferro submitted a response to the order to show cause arguing not only that his suit
25 should not be dismissed, but that he should be given an opportunity to amend his complaint to
26 state additional claims against the Sonoma County Counsel defendants (Dkt. No. 120 at 17).
27 He also appeared at a hearing on his order to show cause, at which he likewise refused to
28 acknowledge that the Sonoma County Counsel have a right to represent their clients in this suit.

Mazzaferro's actions constitute bad faith from which he evidently cannot be deterred. Rather than pursue legitimate claims, this suit has become merely a vehicle for Mazzaferro to visit abuse upon officials in Sonoma County.

Nevertheless, this order does not yet dismiss Mazzaferro's action in its entirety. Instead, it holds in abeyance the order to show cause, and requires Mazzaferro to pay Sonoma County Counsel defendants, Bruce Goldstein and Joshua Myers, their attorneys' fees associated with litigating their motion to dismiss Mazzaferro's claims against them.

By **OCTOBER 17, AT NOON**, Attorneys Goldstein and Myers shall submit sworn declarations setting forth the attorneys' fees apportioned to their most recent motion to dismiss. Mazzaferro shall file any opposition to those fees by **OCTOBER 24, AT NOON**.

After the appropriate fee amount is determined, Mazzaferro will have **FOURTEEN DAYS** to pay defendants Goldstein and Myers. If he fails to do so, his case will very likely be dismissed.

**IT IS SO ORDERED.**

Dated: October 10, 2017.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

3